IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION, AT CHATTANOOGA

| | | |
|---|---|---|
| ANGEL NICOLE SHERRARD, | ) | |
| DEVIN LEE SHERRARD, and | ) | |
| A.L.S. (a minor child), through | ) | |
| Mother and next friend, | ) | CASE NO. 1:22-cv-00200-CLC-SKL |
| Angel Nicole Sherrard, | ) | |
| | ) | JURY DEMAND |
| Plaintiffs | ) | |
| | ) | DISTRICT JUDGE COLLIER |
| VERSUS | ) | MAGISTRATE JUDGE LEE |
| | ) | |
| CITY OF EAST RIDGE, | ) | |
| OFFICER TEDDY DYER, | ) | |
| OFFICER CANDICE "CANDY" MILLER, | ) | |
| OFFICER ANNA SIMMONS, | ) | |
| SGT. DAVID MYRICK, | ) | |
| | ) | |
| Defendants | ) | |

ANSWER

Comes now the Defendant, Sgt. David Myrick, by and through counsel, and for response to the complaint against him, would state and show unto the Court as follows:

1.      It is admitted that this is an action brought pursuant to 42 U.S.C. § 1983.  It is denied that any of the Plaintiffs' rights were violated by virtue of any theory of law, and the complaint against this Defendant, Sgt. David Myrick, fails to state a claim for which relief can be granted.

2.      It is admitted that Defendant, Sgt. David Myrick, was a law enforcement officer, employed by the City of East Ridge at all times relevant to this suit.  It is admitted that he was properly wearing a law enforcement uniform and operating a police

1

vehicle. It is admitted that to the extent he acted, he did so under color of law. It is denied, however, that this Defendant, Sgt. David Myrick, is liable to the Plaintiffs by virtue of any theory of law whatsoever. The remaining allegations of this paragraph are directed to other defendants, and no response is required. To the extent a response is required, the Defendant admits upon information and belief that Officer Dyer, Officer Miller and Officer Simmons were all police officers with the City and were wearing appropriate uniforms. This Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph, if any, and demands strict proof of the same.

3. The predicate of this paragraph is denied, because it is denied that there was any violation by this Defendant. The allegations of this paragraph are not otherwise directed toward this Defendant, and no response is required. To the extent any response is required, it is denied as stated.

4. Denied.

5. The legal authorities reflected in this paragraph are admitted. It is averred that this Court has jurisdiction as to Section 1983 claims. It is denied that the Court may exercise supplemental jurisdiction with respect to any state law claims governed by the Tennessee Governmental Tort Liability Act.

6. It is admitted that venue is proper in this Court, to the extent jurisdiction is proper in this Court.

7. This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

2

8.     Upon information and belief, the allegations of Paragraph Number 8 are admitted.

9.     It is admitted that the City of East Ridge has a police department.  It is denied that Paragraph Number 9 constitutes a complete or accurate statement or characterization of the City's obligations, and is therefore denied as stated.

10.    It is admitted that the Plaintiffs have filed suit against the City.  Any other insinuation of this paragraph is denied, and it is denied that the City is liable to the Plaintiffs by virtue of any theory of law.

11.    It is admitted that the City employed this individual defendant, Sgt. David Myrick, and upon information and belief, it is admitted that the City employed the other individual defendants.  It is admitted that this Defendant acted under color of law, and that this Defendant has been sued in his individual capacity.  This Defendant asserts the doctrine of qualified immunity, and asserts that he is immune from the Plaintiffs' claims, as well as the suit process.  This Defendant avers that the claims against him should be dismissed forthwith.  This Defendant further avers that at all times relevant, he was acting in his official capacity as a Sergeant of the City of East Ridge Police Department.  It is denied that the Plaintiffs may pursue any individual capacity claim against him.  This Defendant specifically avers that he is entitled to his attorney's fees pursuant to T.C.A. § 29-20-113, as well as 42 U.S.C. § 1988.

12.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

3

13.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

14.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

15.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

16.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

17.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

18.     It is admitted that this Defendant arrived at the location of the incident which is the subject of this suit, seconds before 11:39 p.m. on December 31, 2021.  This Defendant is without sufficient knowledge or information to admit or deny any other allegations of this paragraph, and therefore, demands strict proof of the same.

19.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

20.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

21.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

22.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

4

23.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

24.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

25.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

26.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

27.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

28.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

29.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

30.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

31.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

32.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

33.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

34.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

35.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

36.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

37.    Denied as stated.  It is admitted that as Sgt. Myrick arrived on the scene, Plaintiff Angel Sherrard was in handcuffs, but had not been placed into the police vehicle.  It is averred that all of this Defendant's conduct was entirely appropriate, at all times.

38.    Denied as stated.  It is admitted that Sgt. Myrick went with Plaintiff Angel Sherrard to the right rear door of a nearby police vehicle.  It is denied that the Plaintiff could not fit in the seat.

39.    Denied as stated.  It is generally admitted that Plaintiff Angel Sherrard refused to comply with the officers' lawful commands to get into the back of the police car, and that she resisted arrest.

40.    Denied as stated.  However, it is generally admitted that Plaintiff Angel Sherrard repeatedly refused to comply with the officers' lawful commands and continued to resist.

41.    Denied.  However, it is averred that this Defendant, Myrick, warned the Plaintiff, Angel Sherrard, to comply with the officers' lawful commands or that she would be tased.

6

42.     Denied.

43.     Denied as stated.

44.     Denied as stated.

45.     Denied.

46.     It is admitted that Defendant Myrick warned Plaintiff, Angel Sherrard, to comply with the officers' lawful commands and advised her that if she failed to do so, she was going to get tased.  The remaining allegations are denied as stated.

47.     Denied.

48.     Denied.

49.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

50.     Denied as stated.

51 – 71.     The allegations of this paragraph are not directed to this Defendant, and no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.  This Defendant generally denies that he was in the vicinity of the interactions between the individuals described in this paragraph, and did not participate in any fashion.  It is denied that this Defendant is liable to any of the Plaintiffs by virtue of any theory of law whatsoever.

72.     Upon information and belief, it is admitted that no contraband was discovered by the officers referenced in this paragraph.  It is averred that this Defendant did not participate in that search, and generally lacks sufficient knowledge or information

to admit or deny the allegations of this paragraph from his own personal knowledge, and therefore, demands strict proof of the same.

73.　Denied as stated as to this Defendant.  This Defendant did not arrest any of these individuals, and did not "unarrest" them.

74.　It is admitted that Plaintiff, Angel Sherrard, was transported by EMS to a local hospital.  Upon information and belief, it is denied that she actually required medical treatment, but was provided such to avoid dispute.

75.　The allegations of this paragraph are not directed to this Defendant, and no response is required.  To the extent a response is required, it is upon information and belief denied.

76.　The allegations of this paragraph are not directed to this Defendant, and no response is required.  To the extent a response is required, it is upon information and belief denied.

77.　This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to the affidavits of complaints prepared by other officers.  It is averred that the entire incident happened in the moments just around midnight between December 3rd and December 4th, and any inconsistency is a red herring which is entirely immaterial.

78.　This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

79.　Denied.

80.　Denied.

81 – 88.     The allegations of these paragraphs are not directed to this

Defendant, and no response is required.  To the extent a response is required, this

Defendant is without sufficient knowledge or information to admit or deny the allegations

of this paragraph, and therefore, demands strict proof of the same.  This Defendant

specifically avers that none of the allegations of these paragraphs relate to or bear upon

him in any way.

89.     Denied as stated.

90.     This Defendant incorporates the responses as set forth in all other

paragraphs of this Answer, to the averments in the Plaintiffs' complaint, as if fully and

completely restated herein.

91.     As to Defendant Myrick, denied.  To the extent this paragraph is directed

toward the conduct of other individuals, no response is required of this Defendant.  To

the extent a response is required, this Defendant lacks sufficient knowledge or

information to admit or deny the allegations of this paragraph, and demands strict proof

of the same, but upon information and belief, it is denied that Plaintiff, Angel Sherrard,

suffered any injuries, or was at any risk at any time.

92 and 93.     The allegations of these paragraphs are not directed to this

Defendant, and no response is required.  To the extent a response is required, this

Defendant lacks sufficient knowledge or information to admit or deny the allegations of

these paragraphs, and demands strict proof of the same.  Upon information and belief, it

is denied that the Plaintiffs sustained any injuries or were placed at any risk.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Specifically denied as to this Defendant, Myrick.  Upon information and belief, it is denied as to all other Defendants, as well.

98.     It is admitted that this Defendant has been sued, as well as the other Defendants.  It is denied that this Defendant is guilty of any inappropriate conduct at any time with respect to any of the Plaintiffs in this complaint or concerning the incident described in the complaint, in any way.  It is averred that the complaint fails to state a claim for which relief can be granted against this Defendant, and the complaint should be dismissed.

99.     This Defendant incorporates the responses as set forth in all other paragraphs of this Answer, to the averments in the Plaintiffs' complaint, as if fully and completely restated herein.

100.    Specifically denied as to this Defendant, Myrick.  This Defendant did not seize Plaintiff, Angel Sherrard, at any time.  When this Defendant arrived on the scene, Plaintiff, Angel Sherrard, was already handcuffed.  Upon information and belief, it is denied that the seizure was without probable cause.  It is specifically averred that Plaintiff, Angel Sherrard, engaged in resisting arrest in the presence of this Defendant, and that he had probable cause at all times with respect to his conduct.

101 and 102.        The allegations of these paragraphs are not directed to this Defendant, and no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the allegations of

these paragraphs, and demands strict proof of the same.  Upon information and belief, it is denied that the Plaintiffs sustained any injuries or were placed at any risk.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    It is admitted that this Defendant has been sued, as well as the other Defendants.  It is denied that this Defendant is guilty of any inappropriate conduct at any time with respect to any of the Plaintiffs in this complaint or concerning the incident described in the complaint, in any way.  It is averred that the complaint fails to state a claim for which relief can be granted against this Defendant, and the complaint should be dismissed.

108.    This Defendant incorporates the responses as set forth in all other paragraphs of this Answer, to the averments in the Plaintiffs' complaint, as if fully and completely restated herein.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.   Denied.

117.   It is admitted that this Defendant has been sued, as well as the other Defendants.  It is denied that this Defendant is guilty of any inappropriate conduct at any time with respect to any of the Plaintiffs in this complaint or concerning the incident described in the complaint, in any way.  It is averred that the complaint fails to state a claim for which relief can be granted against this Defendant, and the complaint should be dismissed.

118.   This Defendant incorporates the responses as set forth in all other paragraphs of this Answer, to the averments in the Plaintiffs' complaint, as if fully and completely restated herein.

119.   The allegations of this paragraph are not directed to this Defendant, and no response is required.  To the extent a response is required, upon information and belief, the allegations are denied as stated.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   The allegations of this paragraph are not directed to this Defendant, and no response is required.  It is averred that this Defendant does not appear to have been sued under this count, but could not have been sued because he did not engage in any conduct that violated the Plaintiffs' rights by virtue of any theory of law.

12

125.    This Defendant incorporates the responses as set forth in all other paragraphs of this Answer, to the averments in the Plaintiffs' complaint, as if fully and completely restated herein.

126.    Denied.

127 and 128.  The allegations of these paragraphs are not directed to this Defendant, and no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to admit or deny the allegations of these paragraphs, and demands strict proof of the same.  Upon information and belief, it is denied that the Plaintiffs sustained any injuries or were placed at any risk.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    It is admitted that this Defendant has been sued, as well as the other Defendants.  It is denied that this Defendant is guilty of any inappropriate conduct at any time with respect to any of the Plaintiffs in this complaint or concerning the incident described in the complaint, in any way.  It is averred that the complaint fails to state a claim for which relief can be granted against this Defendant, and the complaint should be dismissed.

134.    This Defendant incorporates the responses as set forth in all other paragraphs of this Answer, to the averments in the Plaintiffs' complaint, as if fully and completely restated herein.

13

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. It is admitted that this Defendant has been sued, as well as the other Defendants. It is denied that this Defendant is guilty of any inappropriate conduct at any time with respect to any of the Plaintiffs in this complaint or concerning the incident described in the complaint, in any way. It is averred that the complaint fails to state a claim for which relief can be granted against this Defendant, and the complaint should be dismissed.

141. This Defendant incorporates the responses as set forth in all other paragraphs of this Answer, to the averments in the Plaintiffs' complaint, as if fully and completely restated herein.

142. Denied. It is further averred that this Defendant is immune from the claims presented against him in this paragraph.

143. Denied.

144. It is admitted that this Defendant has been sued, as well as the other Defendants. It is denied that this Defendant is guilty of any inappropriate conduct at any time with respect to any of the Plaintiffs in this complaint or concerning the incident described in the complaint, in any way. It is averred that the complaint fails to state a

14

claim for which relief can be granted against this Defendant, and the complaint should be dismissed.

145.   This Defendant incorporates the responses as set forth in all other paragraphs of this Answer, to the averments in the Plaintiffs' complaint, as if fully and completely restated herein.

146.   Denied.  It is further averred that this Defendant is immune from the claims presented against him in this paragraph.

147.   Denied.

148.   It is admitted that this Defendant has been sued, as well as the other Defendants.  It is denied that this Defendant is guilty of any inappropriate conduct at any time with respect to any of the Plaintiffs in this complaint or concerning the incident described in the complaint, in any way.  It is averred that the complaint fails to state a claim for which relief can be granted against this Defendant, and the complaint should be dismissed.

149.   This Defendant incorporates the responses as set forth in all other paragraphs of this Answer, to the averments in the Plaintiffs' complaint, as if fully and completely restated herein.

150.   Denied.

151.   The predicate of this paragraph is denied, and the existence of the conspiracy is denied.  To the extent this allegation insinuates that no reasonable officer would conduct himself as Defendant Myrick conducted himself, the allegation is

15

specifically denied, because the conduct of Defendant Myrick was reasonable and appropriate at all times.

152.    It is admitted that this Defendant has been sued, as well as the other Defendants.  It is denied that this Defendant is guilty of any inappropriate conduct at any time with respect to any of the Plaintiffs in this complaint or concerning the incident described in the complaint, in any way.  It is averred that the complaint fails to state a claim for which relief can be granted against this Defendant, and the complaint should be dismissed.

153.    This Defendant incorporates the responses as set forth in all other paragraphs of this Answer, to the averments in the Plaintiffs' complaint, as if fully and completely restated herein.

154 - 155.    The allegations in these paragraphs are not directed toward this Defendant, and no response is required.  It is specifically denied that this Defendant engaged in any wrongful conduct at any time, whatsoever, or that he can be liable for the conduct of any other person.  Upon information and belief, though, the allegations of these paragraphs are denied.

156.    Denied as to this Defendant.

157.    Denied.

158.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

159.    It is admitted that this Defendant has been sued, as well as the other Defendants.  It is denied that this Defendant is guilty of any inappropriate conduct at any

16

time with respect to any of the Plaintiffs in this complaint or concerning the incident described in the complaint, in any way. It is averred that the complaint fails to state a claim for which relief can be granted against this Defendant, and the complaint should be dismissed.

160. It is denied that the Plaintiffs, or any of them, are entitled to any relief set forth in the prayer for relief.

161. Any and all other allegations not heretofore admitted, denied or explained are here and now denied as if taken up individually and denied specifically.

## AFFIRMATIVE DEFENSES

1. The allegations of this complaint fail to state a claim against this Defendant, Myrick, for which relief can be granted.

2. This Defendant denies violating any clearly established constitutional right, and specifically avers that to the extent he engaged with any of the Plaintiffs at any time, he engaged in proper and lawful conduct with respect to each Plaintiff at all times.

3. This Defendant asserts the doctrine of qualified immunity, including immunity from the suit process itself. It is averred that at no time was any clearly established constitutional right of any of the Plaintiffs violated by anyone, and the claims against this individual Defendant should be dismissed.

4. This Defendant asserts the doctrine of sovereign immunity with respect to all claims against him to the maximum extent allowed. To the extent applicable, this Defendant further asserts all privileges and immunities in accordance with the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, et seq., including the limitation on

17

damages, the limitation to a non-jury trial, and exclusive jurisdiction in the Circuit Court for Hamilton County, Tennessee. It is averred that immunity has not been removed for any claims set forth or attempted to be set forth in the complaint against this Defendant. It is averred that this Defendant is entitled to his attorney's fees pursuant to T.C.A. § 29-20-113.

5. It is averred that the suit against this Defendant, Myrick, is frivolous, unreasonable, and without foundation. It is further averred that any continuation of the suit by Plaintiff is unreasonable. This Defendant is entitled to his attorney's fees pursuant to 42 U.S.C. Section 1988(b) whether or not the Plaintiffs' claims were initially brought in bad faith. *Christianburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421 (1978); *Fox v. Vice*, 563 U.S. 826, 835 (2011).

6. This Defendant demands a jury of twelve (12) persons to try all issues joined in this cause, except for any GTLA issues, in which this Defendant demands a bench trial in accordance with the Tennessee Governmental Tort Liability Act. To the extent a twelve (12) person jury is not available in Federal Court, this Defendant asserts that he should receive a jury of the maximum number of permissible jurors, and without limiting the foregoing, a jury of no fewer than eight (8).

7. This Defendant further affirmatively asserts common law good faith immunity and/or qualified immunity. This Defendant avers that his actions were all reasonable under the circumstances at all times, and he is entitled to a dismissal of all claims against him, by virtue of any theory of law whatsoever.

18

8. To the extent applicable, the claims against this Defendant are barred in accordance with the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-310(b).

9. To the extent applicable, this Defendant also asserts that this suit should be tried in accordance with the doctrine of comparative fault. It is averred that the fault of the Plaintiffs, and each of them, should be compared with the fault of this Defendant and any other Defendants, as to any applicable claims that are brought in the original complaint or any amendment thereto.

10. This Defendant avers that Plaintiff, Angel Nicole Sherrard, may lack standing to present any claims for Plaintiff, A.L.S., designated in the complaint to be a minor child. To the extent Plaintiff, Angel Nicole Sherrard, is not the proper guardian for Plaintiff, A.L.S., then such Plaintiff lacks standing and lacks capacity to sue, and the claims should be dismissed. To the extent necessary, the Court should appoint a guardian ad litem with respect to Plaintiff, A.L.S.

11. The allegations of the Plaintiffs' prayer for relief demanding joint and several liability should be stricken, s they fail to state a claim.

12. The allegations of Plaintiffs' prayer for relief seeking punitive damages should be stricken and fail to state a claim for which relief can be granted. To the extent Plaintiffs seek punitive damages, this Defendant demands a bifurcated trial. This Defendant further asserts the limitations on punitive damages pursuant to the Tennessee Civil Justice Act, T.C.A. § 29-39-104.

13. This Defendant reserves the right to supplement and amend this Answer based on further investigation and discovery.

19

Now, having fully answered the complaint against him, this Defendant, Myrick, asks that same be dismissed with prejudice, and that he be awarded his attorney's fees pursuant to 42 U.S.C. § 1988 and/or T.C.A. § 29-20-113.

Respectfully submitted,

MOORE, RADER,
FITZPATRICK AND YORK, P. C.

By s/Daniel H. Rader IV, B.P.R. No.025998
    DANIEL H. RADER IV

By s/ André S. Greppin, B.P.R. No. 036706
    ANDRÉ S. GREPPIN
    Attorneys for Defendant
    Sgt. David Myrick
    P. O. Box 3347
    Cookeville, TN 38502
    (931-526-3311)

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically on August 11, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Mr. Robin R. Flores
Flores Law Office
4110 Brainerd Road
Suite A
Chattanooga, TN 37411
robin@robinfloreslaw.com

20

Mr. Dan R. Pilkington
Watson, Roach, Batson, Rowell & Lauderback, PLC
Post Office Box 131
Knoxville, TN 37901-0131
dpilkington@watsonroach.com

Mr. Keith H. Grant
Robinson, Smith & Wells
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
kgrant@rswlaw.com

Mr. Philip Aaron Wells
Robinson, Smith & Wells
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN  37450
awells@rswlaw.com

MOORE, RADER,
FITZPATRICK AND YORK, P. C.

By s/Daniel H. Rader IV, B.P.R. No.025998
    DANIEL H. RADER IV
    Attorneys for Defendant
    Sgt. David Myrick
    P. O. Box 3347
    Cookeville, TN  38502
    (931-526-3311)

21