## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## At CHATTANOOGA

---

| | |
|---|---|
| ANGEL NICOLE SHERRARD, DEVIN LEE SHERRARD, and A.L.S. (a minor child), through Mother and next friend, Angel Nicole Sherrard, | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) )    No. 1:22-cv-00200 |
| CITY OF EAST RIDGE, OFFICER TEDDY DYER, OFFICER CANDICE "CANDY" MILLER, OFFICER ANNA SIMMONS and SGT. DAVID MYRICK, | ) ) ) ) ) |
| **Defendants.** | ) ) |

---

### ANSWER OF DEFENDANTS OFFICER TEDDY DYER, OFFICER CANDICE MILLER, AND OFFICER ANNA SIMMONS

---

The Defendants Officer Teddy Dyer, Officer Candice Miller, and Officer Anna Simmons, in their individual capacities, hereby appear, by and through counsel, and for their Answer to the Complaint filed against them would state as follows:

1.     This paragraph contains legal allegations to which no response is required and none is given. To the extent this paragraph contains any factual allegations, the same are denied.

2.     As to the allegations in Paragraph 2 of the Plaintiffs' Complaint, it is admitted that these Defendants were acting in the course and scope of their employment as law enforcement officers for the City of East Ridge, Tennessee and under color of law at all times relevant. All other allegations in Paragraph 2 of the Plaintiffs' Complaint are denied.

3.     The allegations in Paragraph 3 of the Plaintiffs' Complaint are denied.

4.     The allegations in Paragraph 4 of the Plaintiffs' Complaint are denied.

5.     The allegations in Paragraph 5 of the Plaintiffs' Complaint contain legal allegations to which no response is required and none is given. Based upon the information available to them at this time, these Defendants do not contest subject matter jurisdiction over the claims pled pursuant to 42 U.S.C. § 1983. Any factual allegations in Paragraph 5 of the Plaintiffs' Complaint are denied.

6.     The allegations in Paragraph 6 of the Plaintiffs' Complaint contain legal allegations to which no response is required and none is given. These Defendants do not contest venue. The remaining allegations in Paragraph 6 of the Plaintiffs' Complaint are denied.

7.     As to the allegations in Paragraph 7 of the Plaintiffs' Complaint, subpart inclusive, it is admitted upon information and belief that the Plaintiffs were citizens of the United States, the State of Tennessee, and of Hamilton County, Tennessee. These Defendants lack information sufficient to form a belief as to the familial relationship between Plaintiff Angel Sherrard and Plaintiffs Devin Lee Sherrard and A.L.S.

8.     The allegations in Paragraph 8 of the Plaintiffs' Complaint, subparts included, are admitted.

9.     As to the allegations in Paragraph 9 of the Plaintiffs' Complaint, subparts included, the same constitute legal allegations to which no response is required and none is given. It is denied that any of the Defendants engaged in wrongful conduct of any kind or that any of the Plaintiffs' rights secured by federal or state law were denied. Any factual allegations in Paragraph 9 of the Plaintiffs' Complaint are denied.

10.     Paragraph 10 of the Plaintiffs' Complaint does not appear to contain any factual allegations. To the extent Paragraph 10 of the Plaintiffs' Complaint contains any factual allegations, the same are denied.

11.     As to the allegations in Paragraph 11 of the Plaintiffs' Complaint, subparts inclusive, it is admitted that these Defendants were employees of the City of East Ridge acting in the course and scope of their employment of the City of East Ridge at the time of the events in question. All other allegations in Paragraph 11 of the Plaintiffs' Complaint are denied.

12.     These Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Plaintiffs' Complaint. The same are denied, and strict proof is demanded thereof.

13.     As to the allegations in Paragraph 13 of the Plaintiffs' Complaint, it is admitted that the Plaintiff was sitting in the driver's seat of her black Ford Fusion at the time Officers Dyer and Miller arrived on the scene.

14.     These Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Plaintiffs' Complaint. The same are denied, and strict proof is demanded thereof.

15.     Paragraph 15 of the Plaintiffs' Complaint contains legal allegations to which no response is required and none is given. It is admitted that the black Ford Fusion was parked in front of the residence at 893 Donaldson Street. All other allegations in Paragraph 15 of the Plaintiffs' Complaint are denied.

16.     These Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Plaintiffs' Complaint. The same are denied, and strict proof is demanded thereof.

17.     As to the allegations in Paragraph 17 of the Plaintiffs' Complaint, it is admitted that Angel Sherrard was in the driver's seat of the black Ford Fusion, and Devin Sherrard was in the backseat of the black Ford Fusion at the time Officers Dyer and Miller arrived on the scene.

3

18.     The allegations in Paragraph 18 of the Plaintiffs' Complaint are admitted. The body camera footage recorded the actions of Officers Myrick, Dyer, Miller and Simmons on the night of the events in question, and these Defendants rely on the body camera footage as the best evidence of the specific actions of those officers and the time those actions occurred.

19.     The allegations in Paragraph 19 of the Plaintiffs' Complaint are admitted.

20.     As to the allegations in Paragraph 20 of the Plaintiffs' Complaint, it is admitted that a conversation occurred between Officer Dyer and Angel Sherrard. These Defendants rely on the body camera footage as the best evidence of the specifics of the conversation that transpired. Any allegations inconsistent with the body cam footage are denied.

21.     As to the allegations in Paragraph 21 of the Plaintiffs' Complaint, it is unclear what the Plaintiffs are referring to when they reference "the driver said." Regardless, Officer Dyer relies upon the body camera footage which is the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

22.     As to the allegations in Paragraph 22 of the Plaintiffs' Complaint, it is admitted that Officer Dyer called the tag number of the black Ford Fusion in to dispatch. Any allegations inconsistent with the body cam footage are denied.

23.     As to the allegations in Paragraph 23 of the Plaintiffs' Complaint, it is admitted that a conversation occurred between Angel Sherrard and Officer Dyer. The Defendants rely upon the body camera footage as the best evidence of what transpired. All other allegations in Paragraph 23 of the Plaintiffs' Complaint are denied. Any allegations inconsistent with the body cam footage are denied.

24.     The allegations in Paragraph 24 of the Plaintiffs' Complaint are denied.

25.     As to the allegations in Paragraph 25 of the Plaintiffs' Complaint, it is admitted that a conversation occurred between Angel Sherrard and Officer Dyer. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

26.     As to the allegations in Paragraph 26 of the Plaintiffs' Complaint, it is admitted that a conversation occurred between Angel Sherrard and Officer Dyer. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

27.     As to the allegations in Paragraph 27 of the Plaintiffs' Complaint, it is admitted that a conversation occurred between Angel Sherrard and Officer Dyer. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

28.     As to the allegations in Paragraph 28 of the Plaintiffs' Complaint, it is admitted that a conversation occurred between Angel Sherrard and Officer Dyer. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

29.     As to the allegations in Paragraph 29 of the Plaintiffs' Complaint, it is admitted that a conversation occurred between Angel Sherrard and Officer Dyer. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. It is specifically denied that Angel Sherrard "remained calm and offered no physical resistance or threat of any kind." Any allegations inconsistent with the body cam footage are denied.

30.     As to the allegations in Paragraph 30 of the Plaintiffs' Complaint, it is admitted that a conversation occurred between Angel Sherrard and Officer Dyer. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

31.     As to the allegations in Paragraph 31 of the Plaintiffs' Complaint, it is admitted that a conversation occurred between Angel Sherrard and Officer Dyer. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

32.     As to the allegations in Paragraph 32 of the Plaintiffs' Complaint, it is admitted that a conversation occurred between Angel Sherrard and Officer Dyer. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

33.     The allegations in Paragraph 33 of the Plaintiffs' Complaint are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

34.     The allegations in Paragraph 34 of the Plaintiffs' Complaint are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

35.     The allegations in Paragraph 35 of the Plaintiffs' Complaint are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

36.     The allegations in Paragraph 36 of the Plaintiffs' Complaint are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

37.     The allegations in Paragraph 37 of the Plaintiffs' Complaint are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

38.     The allegations in Paragraph 38 of the Plaintiffs' Complaint are denied. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

39.     The allegations in Paragraph 39 of the Plaintiffs' Complaint are denied. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

40.     As to the allegations in Paragraph 40 of the Plaintiffs' Complaint, it is admitted that a conversation occurred between Angel Sherrard and Officers Simmons and Myrick. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

41.     The allegations in Paragraph 41 of the Plaintiffs' Complaint are denied.

42.     The allegations in Paragraph 42 of the Plaintiffs' Complaint are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

43.     The allegations in Paragraph 43 of the Plaintiffs' Complaint are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

44.     The allegations in Paragraph 44 of the Plaintiffs' Complaint are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

45.     The allegations in Paragraph 45 of the Plaintiffs' Complaint are denied.

46.     The allegations in Paragraph 46 of the Plaintiffs' Complaint are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

47.     The allegations in Paragraph 47 of the Plaintiffs' Complaint are denied.

48.     The allegations in Paragraph 48 of the Plaintiffs' Complaint are denied.

49.     As to the allegations in Paragraph 49 of the Plaintiffs' Complaint, it is admitted that Devin Sherrard refused officers' commands while purportedly recording on his cell phone. All other allegations in Paragraph 49 of the Plaintiffs' Complaint are denied.

50.     As to the allegations in Paragraph 50 of the Plaintiffs' Complaint, it is admitted that Haylie Sherrard and A.L.S. were refusing officer commands, screaming and yelling, and engaging in disorderly conduct. All other allegations in Paragraph 50 of the Plaintiffs' Complaint are denied.

51.     As to the allegations in Paragraph 51 of the Plaintiffs' Complaint, it is admitted that Haylie Sherrard and A.L.S. were refusing officer commands, screaming and yelling, and engaging in disorderly conduct. All other allegations in Paragraph 50 of the Plaintiffs' Complaint are denied. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

52.     As to the allegations in Paragraph 52 of the Plaintiffs' Complaint, it is admitted that Haylie Sherrard and A.L.S. were refusing officer commands, screaming and yelling, and engaging in disorderly conduct. All other allegations in Paragraph 52 of the Plaintiffs' Complaint are denied. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

53.     As to the allegations in Paragraph 53 of the Plaintiffs' Complaint, it is admitted that Haylie Sherrard and A.L.S. were placed in handcuffs as they continued to refuse officer demands and engage in disorderly conduct. All other allegations in Paragraph 53 of the Plaintiffs' Complaint are denied.

54.     The allegations in Paragraph 54 of the Plaintiffs' Complaint are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

55.     As to the allegations in Paragraph 55 of the Plaintiffs' Complaint, it is admitted that conversations occurred between A.L.S. and Officer Simmons. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

56.     As to the allegations in Paragraph 56 of the Plaintiffs' Complaint, it is admitted that conversations occurred between A.L.S. and Officer Simmons. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. All other allegations in Paragraph 56 of the Plaintiffs' Complaint are denied.

57.     As to the allegations in Paragraph 57 of the Plaintiffs' Complaint, it is admitted that conversations occurred between A.L.S. and Officer Simmons. These Defendants rely upon the

9

body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

58.     As to the allegations in Paragraph 58 of the Plaintiffs' Complaint, it is admitted that conversations occurred between A.L.S. and Officer Simmons. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

59.     As to the allegations in Paragraph 59 of the Plaintiffs' Complaint, it is admitted that Haylie Sherrard was handcuffed. It is denied that she was "standing calmly."

60.     As to the allegations in Paragraph 60 of the Plaintiffs' Complaint, it is admitted that conversations occurred between A.L.S. and Officer Simmons. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

61.     As to the allegations in Paragraph 61 of the Plaintiffs' Complaint, it is admitted that conversations occurred between A.L.S. and Officer Simmons. The allegations in paragraph 61 are otherwise denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question. Any allegations inconsistent with the body cam footage are denied.

62.     As to the allegations in Paragraph 62 of the Plaintiffs' Complaint, it is admitted that conversations occurred between Officer Simmons and Haylie Sherrard. The allegations in paragraph 62 are otherwise denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

63.     As to the allegations in Paragraph 63 of the Plaintiffs' Complaint, the same are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

64.     As to the allegations in Paragraph 64 of the Plaintiffs' Complaint, the same are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired between the parties on the night of the events in question.

65.     As to the allegations in Paragraph of the Plaintiffs' Complaint, it is admitted that Officer Simmons attempted to gain control of A.L.S. to place her in the back of her cruiser given her continued disorderly conduct and refusal to obey lawful commands. It is further admitted that A.L.S. engaged in resisting arrest by physically resisting Officer Simmons. The remaining allegations in Paragraph 65 of the Plaintiffs' Complaint are denied.

66.      As to the allegations in Paragraph 66 of the Plaintiffs' Complaint, it is admitted that conversations occurred between A.L.S. and Officer Simmons. These Defendants rely upon the body camera footage as the best evidence of what transpired on the night of the events in question. The remaining allegations in Paragraph 66 of the Plaintiffs' Complaint are denied.

67.     The allegations in Paragraph 67 of the Plaintiffs' Complaint are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired on the night of the events in question.

68.     The allegations in Paragraph 68 of the Plaintiffs' Complaint are denied as stated. These Defendants rely upon the body camera footage as the best evidence of what transpired on the night of the events in question.

69. The allegations in Paragraph 69 of the Plaintiffs' Complaint are denied as stated. It is admitted that Devin Sherrard refused lawful commands of law enforcement officers and was engaging in disorderly conduct.

70. The allegations in Paragraph 70 of the Plaintiffs' Complaint are denied as stated. It is admitted that Devin Sherrard refused lawful commands of law enforcement officers and was engaging in disorderly conduct.

71. The allegations in Paragraph 71 of the Plaintiffs' Complaint are admitted.

72. The allegations in Paragraph 72 of the Plaintiffs' Complaint are denied.

73. The allegations in Paragraph 73 of the Plaintiffs' Complaint are denied.

74. As to the allegations in Paragraph 74 of the Plaintiffs' Complaint, it is admitted that Angel Sherrard requested medical treatment and was transported by EMS to the hospital before being medically cleared.

75. The allegations in Paragraph 75 of the Plaintiffs' Complaint are denied.

76. The allegations in Paragraph 76 of the Plaintiffs' Complaint are denied.

77. The incidents in questions occurred in the final moments of December 3 into the early morning of December 4. The insinuation in this paragraph that this constitutes inaccuracy or lack of truthfulness in the Complaint are denied. All other allegations in Paragraph 77 of the Plaintiffs' Complaint are denied.

78. These Defendants lack information to specifically form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Plaintiffs' Complaint. The same are denied, and strict proof is demanded thereof.

79. The allegations in Paragraph 79 of the Plaintiffs' Complaint are denied.

80. The allegations in Paragraph 80 of the Plaintiffs' Complaint are denied.

81.     The allegations in Paragraph 81 of the Plaintiffs' Complaint are denied.

82.     As to the allegations in Paragraph 82 of the Plaintiffs' Complaint, subparts inclusive, these Defendants deny that these allegations are relevant in any part to the claims made out against them. These allegations are therefore denied as stated, and strict proof is demanded thereof.

83.     As to the allegations in Paragraph 83 of the Plaintiffs' Complaint, subparts inclusive, these Defendants deny that these allegations are relevant in any part to the claims made out against them. These allegations are therefore denied as stated, and strict proof is demanded thereof.

84.     As to the allegations in Paragraph 84 of the Plaintiffs' Complaint, subparts inclusive, these Defendants deny that these allegations are relevant in any part to the claims made out against them. These allegations are therefore denied as stated, and strict proof is demanded thereof.

85.     As to the allegations in Paragraph 85 of the Plaintiffs' Complaint, subparts inclusive, these Defendants deny that these allegations are relevant in any part to the claims made out against them. These allegations are therefore denied as stated, and strict proof is demanded thereof.

86.     As to the allegations in Paragraph 86 of the Plaintiffs' Complaint, subparts inclusive, these Defendants deny that these allegations are relevant in any part to the claims made out against them. These allegations are therefore denied as stated, and strict proof is demanded thereof.

87.     The allegations in Paragraph 87 of the Plaintiffs' Complaint are denied.

88.     It is unclear what the Plaintiff is quoting from in the subpart of Paragraph 88. Pending an identification of the source, the allegations in Paragraph 88 of the Plaintiffs' Complaint are denied, and strict proof is demanded thereof.

89.     As to the allegations in Paragraph 89 of the Plaintiffs' Complaint, it is admitted that Officers Dyer, Simmons and Miller continue to work for the City of East Ridge. All other allegations in Paragraph 89 of the Plaintiffs' Complaint are denied.

90.     The Defendants restate their responses to Paragraphs 1 through 89 above.

91.     The allegations in Paragraph 91 of the Plaintiffs' Complaint are denied.

92.     The allegations in Paragraph 92 of the Plaintiffs' Complaint are denied.

93.     The allegations in Paragraph 93 of the Plaintiffs' Complaint are denied.

94.     The allegations in Paragraph 94 of the Plaintiffs' Complaint are denied.

95.     The allegations in Paragraph 95 of the Plaintiffs' Complaint are denied.

96.     The allegations in Paragraph 96 of the Plaintiffs' Complaint are denied.

97.     As to the allegations in Paragraph 97 of the Plaintiffs' Complaint, it is admitted that the Defendants were acting in the course and scope of their employment as officers of the City of East Ridge at the time of the events in question. All other allegations in Paragraph 97 of the Plaintiffs' Complaint are denied.

98.     Paragraph 98 of the Plaintiffs' Complaint does not appear to contain any factual allegations. To the extent that the Plaintiffs claim Paragraph 98 contains any factual allegations, the same are denied.

99.     The Defendants restate their responses to Paragraphs 1 through 98 above.

100.    The allegations in Paragraph 100 of the Plaintiffs' Complaint are denied.

101.    The allegations in Paragraph 101 of the Plaintiffs' Complaint are denied.

14

102.    The allegations in Paragraph 102 of the Plaintiffs' Complaint are denied.

103.    The allegations in Paragraph 103 of the Plaintiffs' Complaint are denied.

104.    The allegations in Paragraph 104 of the Plaintiffs' Complaint are denied.

105.    The allegations in Paragraph 105 of the Plaintiffs' Complaint are denied.

106.    As to the allegations in Paragraph 106 of the Plaintiffs' Complaint, it is admitted that the Defendants were acting in the course and scope of their employment as officers of the City of East Ridge at the time of the events in question. All other allegations in Paragraph 106 of the Plaintiffs' Complaint are denied.

107.    Paragraph 107 of the Plaintiffs' Complaint does not appear to contain any factual allegations. To the extent that the Plaintiffs claim Paragraph 107 contains any factual allegations, the same are denied.

108.    The Defendants restate their responses to Paragraphs 1 through 107 above.

109.    The allegations in Paragraph 109 of the Plaintiffs' Complaint appear to contain legal allegations to which no response is required and none is given. To the extent Paragraph 109 contains any factual allegations, the same are denied.

110.    The allegations in Paragraph 110 of the Plaintiffs' Complaint appear to contain legal allegations to which no response is required and none is given. To the extent Paragraph 110 contains any factual allegations, the same are denied.

111.    The allegations in Paragraph 111 of the Plaintiffs' Complaint appear to contain legal allegations to which no response is required and none is given. To the extent Paragraph 111 contains any factual allegations, the same are denied.

112.    The allegations in Paragraph 112 of the Plaintiffs' Complaint are denied.

113.    The allegations in Paragraph 113 of the Plaintiffs' Complaint are denied.

114. The allegations in Paragraph 114 of the Plaintiffs' Complaint are denied.

115. The allegations in Paragraph 115 of the Plaintiffs' Complaint are denied.

116. As to the allegations in Paragraph 116 of the Plaintiffs' Complaint, it is admitted that the Defendants were acting in the course and scope of their employment as officers of the City of East Ridge at the time of the events in question. All other allegations in Paragraph 116 of the Plaintiffs' Complaint are denied.

117. Paragraph 117 of the Plaintiffs' Complaint does not appear to contain any factual allegations. To the extent that the Plaintiffs claim Paragraph 117 contains any factual allegations, the same are denied.

118. The Defendants restate their responses to Paragraphs 1 through 117 above.

119. The allegations in Paragraph 119 of the Plaintiffs' Complaint are denied.

120. The allegations in Paragraph 120 of the Plaintiffs' Complaint are denied.

121. The allegations in Paragraph 121 of the Plaintiffs' Complaint are denied.

122. The allegations in Paragraph 122 of the Plaintiffs' Complaint are denied.

123. Paragraph 123 of the Plaintiffs' Complaint does not appear to contain any factual allegations. To the extent that the Plaintiffs claim Paragraph 123 contains any factual allegations, the same are denied.

124. As to the allegations in Paragraph 124 of the Plaintiffs' Complaint, it is admitted that the Defendants were acting in the course and scope of their employment as officers of the City of East Ridge at the time of the events in question. All other allegations in Paragraph 124 of the Plaintiffs' Complaint are denied.

125. The Defendants restate their responses to Paragraphs 1 through 124 above.

126. The allegations in Paragraph 126 of the Plaintiffs' Complaint are denied.

16

127.    The allegations in Paragraph 127 of the Plaintiffs' Complaint are denied.

128.    The allegations in Paragraph 128 of the Plaintiffs' Complaint are denied.

129.    The allegations in Paragraph 129 of the Plaintiffs' Complaint are denied.

130.    The allegations in Paragraph 130 of the Plaintiffs' Complaint are denied.

131.    The allegations in Paragraph 131 of the Plaintiffs' Complaint are denied.

132.    As to the allegations in Paragraph 132 of the Plaintiffs' Complaint, it is admitted that the Defendants were acting in the course and scope of their employment as officers of the City of East Ridge at the time of the events in question. All other allegations in Paragraph 132 of the Plaintiffs' Complaint are denied.

133.    Paragraph 133 of the Plaintiffs' Complaint does not appear to contain any factual allegations. To the extent that the Plaintiffs claim Paragraph 133 contains any factual allegations, the same are denied.

134.    The Defendants restate their responses to Paragraphs 1 through 133 above.

135.    The allegations in Paragraph 135 of the Plaintiffs' Complaint are denied.

136.    The allegations in Paragraph 136 of the Plaintiffs' Complaint are denied.

137.    The allegations in Paragraph 137 of the Plaintiffs' Complaint are denied.

138.    The allegations in Paragraph 138 of the Plaintiffs' Complaint are denied.

139.    As to the allegations in Paragraph 139 of the Plaintiffs' Complaint, it is admitted that the Defendants were acting in the course and scope of their employment as officers of the City of East Ridge at the time of the events in question. All other allegations in Paragraph 139 of the Plaintiffs' Complaint are denied.

140.     Paragraph 140 of the Plaintiffs' Complaint does not appear to contain any factual allegations. To the extent that the Plaintiffs claim Paragraph 140 contains any factual allegations, the same are denied.

141.     The Defendants restate their responses to Paragraphs 1 through 140 above.

142.     The allegations in Paragraph 142 of the Plaintiffs' Complaint are denied.

143.     The allegations in Paragraph 143 of the Plaintiffs' Complaint are denied.

144.     Paragraph 144 of the Plaintiffs' Complaint does not appear to contain any factual allegations. To the extent that the Plaintiffs claim Paragraph 144 contains any factual allegations, the same are denied.

145.     The Defendants restate their responses to Paragraphs 1 through 144 above.

146.     The allegations in Paragraph 146 of the Plaintiffs' Complaint are denied.

147.     The allegations in Paragraph 147 of the Plaintiffs' Complaint are denied.

148.     Paragraph 148 of the Plaintiffs' Complaint does not appear to contain any factual allegations. To the extent that the Plaintiffs claim Paragraph 148 contains any factual allegations, the same are denied.

149.     The Defendants restate their responses to Paragraphs 1 through 148 above.

150.     The allegations in Paragraph 150 of the Plaintiffs' Complaint are denied.

151.     The allegations in Paragraph 151 of the Plaintiffs' Complaint are denied.

152.     Paragraph 152 of the Plaintiffs' Complaint does not appear to contain any factual allegations. To the extent that the Plaintiffs claim Paragraph 152 contains any factual allegations, the same are denied.

153.     The Defendants restate their responses to Paragraphs 1 through 152 above.

154.     The allegations in Paragraph 154 of the Plaintiffs' Complaint are denied.

155. The allegations in Paragraph 155 of the Plaintiffs' Complaint are denied.

156. The allegations in Paragraph 156 of the Plaintiffs' Complaint are denied.

157. The allegations in Paragraph 157 of the Plaintiffs' Complaint are denied.

158. The Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 of the Plaintiffs' Complaint. The same are denied, and strict proof is demanded thereof.

159. Paragraph 159 of the Plaintiffs' Complaint does not appear to contain any factual allegations. To the extent that the Plaintiffs claim Paragraph 159 contains any factual allegations, the same are denied.

160. The Plaintiffs' prayer for relief is denied in full. The Plaintiffs are not entitled to relief of any kind in this action.

161. These Defendants request a jury to try all matters in this cause of action as it now stands. These Defendants reserve the right to modify or withdraw this jury demand as this action progresses, or in response to any amendments to the pleadings in this matter.

162. The Complaint fails to state a claim upon which relief may be granted against these Defendants, and the Complaint should be dismissed against these Defendants in its entirety.

163. It is affirmatively maintained that these Defendants are entitled to qualified immunity as it relates to any and all claims raised against them in their individual capacities. These Defendants' actions were at all times reasonable under the circumstances confronted in light of clearly established law. They are entitled to qualified immunity as a matter of law.

164. These Defendants affirmatively assert and raise the Tennessee Governmental Tort Liability Act as a defense along with any and all immunities to which they may be entitled pursuant to said Act as the same is found at Tenn. Code Ann. § 29-20-101, *et seq.*

19

165.    These Defendants affirmatively maintain that they are entitled to a recovery of all costs in this cause allowable by law, including, but not limited to, attorneys' fees and discretionary costs as the same may be set out in 42 U.S.C. § 1988, Tenn. Code Ann. § 29-20-113 and/or any other law that would entitle these Defendants to such a recovery.

166.    These Defendants rely upon and affirmatively assert Tennessee's common law good faith qualified immunity doctrine. These Defendants' actions were reasonable under the circumstances, and they should be entitled to dismissal of the claims maintained against them.

167.    These Defendants are specifically immune from any negligence claim pursuant to Tenn. Code Ann. § 29-20-310(b).

168.    To the extent any of the claims alleged fall outside of any applicable statute of limitations, the Complaint fails to state a claim upon which relief can be granted and should be dismissed.

169.    These Defendants affirmatively assert the doctrine of modified comparative fault as an affirmative defense in this matter. The jury should be able to consider the comparative negligence of all parties to the extent proved at trial, known and unknown, in evaluating or adjudicating any asserted negligence claim.

170.    Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein.

171.    These Defendants reserve the right to amend their Answer as this action progresses.

RESPECTFULLY submitted this 17th day of August, 2022.

OFFICER TEDDY DYER, OFFICER CANDICE
MILLER AND OFFICER ANNA SIMMONS, in
their individual capacities

By:     /s/DAN R. PILKINGTON
        DAN R. PILKINGTON, BPR. NO. 024660
        BRIAN R. BIBB, BPR NO. 031024
        WATSON, ROACH, BATSON & LAUDERBACK,
        P.L.C.
        1500 Riverview Tower
        900 South Gay Street
        P.O. Box 131
        Knoxville, Tennessee 37901-0131
        (865) 637-1700
        dpilkington@watsonroach.com
        bbibb@watsonroach.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon parties, or counsel for the parties in interest herein by delivery of the same to the offices of said counsel or parties' counsel, or by mailing the same to said offices by United States Mail, with sufficient postage thereon to carry the same to its destination:

*Attorney for Plaintiff*
Robin Ruben Flores
4110-A Brainerd Road
Chattanooga, Tennessee 37411

*Attorneys for City of East Ridge, Tennessee*
Keith H. Grant
Philip Aaron Wells
Robinson, Smith & Wells, PLLC
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, Tennessee 37450
and
Mark W. Litchford
Litchford, Pearce & Associates, PLLC
P. O. Box 8127
Chattanooga, TN 37414

21

*Attorneys for Sgt. David Myrick*
Daniel H. Rader, IV
Andre S. Greppin
P.O. Box 3347
Cookeville, TN 38502

Dated August 17th, 2022.

/s/DAN R. PILKINGTON
DAN R. PILKINGTON, BPR. NO. 024660
BRIAN R. BIBB, BPR NO. 031024