UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

| | | |
|---|---|---|
| ANGEL NICOLE SHERRARD, *et al.*, | § § | |
| *Plaintiffs*, | § § § | No. 1:22-cv-200-CLC-SKL<br>**JURY DEMAND** |
| ~v~ | § § | |
| CITY OF EAST RIDGE, *et al.*, | § § | |
| *Defendants*. | § | |

### <u>MEMORANDUM OF LAW IN SUPPORT OF<br>PLAINTIFFS' DAUBERT MOTION TO STRIKE OR EXCLUDE<br>DEFENDANT CITY OF EAST RIDGE'S EXPERT THOM CORLEY, JD<br>TESTIMONY AND REPORT</u>

Plaintiffs, through counsel, submit this Memorandum of Law in support of their Daubert Motion (DE 48).

### INTRODUCTION

Defendant City of East Ridge ("City") has offered the testimony of Thom Corley, JD ("Corley"). (DE 48-1). Plaintiffs argue that Corley's report is nothing more than a regurgitation of case law with little to no analysis of the facts of this case. Additionally, the gravamen of Corley's report is this:

> Given the above policies, practices and documentation listed above, it is my opinion that there is no documented support for the existence of a "custom" of excessive force, or the tacit acceptance of any use of force outside the guidelines of written policy for the East Ridge Police Department. Further, the documentation presented to me supports a practice of appropriate supervision by the supervisors and administration of the East Ridge Police Department when incidents of use of force do occur.

(DE 48-1, PageID #: 232).

Furthermore, Corley did not review any materials supplied by the Plaintiffs (i.e.: responses to interrogatories; initial disclosures). (DE 48-1; 217-18). To be sure, Corley

~ 1 ~

reviewed 18 items (Id.), one of which was "news accounts," (Id., at 217), six of which was case law (Id., at 218), one of which was possibly a magazine article (Id.), four Tennessee state statutes (Id.), and "the rules of the POST Commission." (Id. *in passim*).

Corley's report consists of 17 pages. (Id., PageID #: 216-32). Of these pages, three are a recitation of Corley's "qualifications.[1]" (Id., PageID #: 218-20). The rest of the report (other than his "introduction" and "background" portions[2]) is what can only be described as a memorandum of law with little to no analysis of the *facts* of this case. (Id., PageID #: 222-32). In fact, his "background" portion consists of only one full page and less than three full lines on the next page. (Id., PageID #: 221-22). Although Corley identifies "Video Recording(s) Maintained by the City of East Ridge," he failed to identify the source of the videos (i.e.: which defendants' body worn camera video) and failed to state what he observed, and if those observations comported with the policies and training he claims shielded the City.

More concerning is that Corley based his opinions upon an exceedingly small sample size of the evidence provided in discovery; *are nearly all unsupported by any facts or any analysis of the facts*; and are improper attempts to offer legal conclusions and provide answers to the ultimate issues in this action. To sum up his opinion, Corley maintains that simply because the City has policies, and that the individual defendants' records show some training, that they cannot possibly have committed any violations because of the "driving force" of any City policy, custom, and/or practice.

---

[1] Notably, Corley has never testified as an expert witness at "any trial." (DE 48-1, PageID #: 217).

[2] DE 48-1; PageID #: 217-18; 221.

~ 2 ~

# ARGUMENT

## Standards for Expert Testimony

Under Fed. R. Evid. 702, an expert by virtue of knowledge, skill, experience, training or education may provide testimony to assist the trier of fact to understand the evidence or to determine a fact in issue if the expert testimony is based on sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert has applied the principles and methods reliably to the facts of the case.

The standard established by Daubert, 509 U.S. 579 requires "that an expert's opinion be based on a foundation grounded in the actual facts of the case, that the opinion is valid according to the discipline that furnished the base of special knowledge, and that the expert appropriately "fits" the facts of the case into the theories and methods he or she espouses." Redmond v. United States, 194 F. Supp. 3d 606, 615 (E.D. Mich. 2016) (citing Daubert, 509 U.S. at 591–93). "[E]xpert testimony is not admissible unless it will be helpful to the factfinder." Redmond, 194 F. Supp. 3d 606.

Expert testimony is not helpful when it is unreliable or irrelevant or "when it merely deals with a proposition that is not beyond the ken of common knowledge." Id. "The proponent of expert testimony must establish all the foundational elements of admissibility by a preponderance of roof." Nelson v. Tennessee Gas Pipeline Co., 243 F.3d 244, 251 (6th Cir. 2001) (citing Daubert, 509 U.S. at 592 n.10).

"The expert's opinion must be expressed in terms of probability, not possibility; while no 'magic words' are required, the opinion must be couched within the reasonable degree of certainty." Rorick v. Silverman, No. 1:14-CV-312, 2015 WL

9303125, at *6 (S.D. Ohio Dec. 22, 2015) (quoting Ochletree v. Trumbull Mem. Hosp., 2006-Ohio-1006).

**Application of Daubert and Fed. R. Evid. 702**

In accordance with F.R.E 702 and Daubert, courts must police the foundations of expert opinions in that "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." Daubert, 509 U.S. at 595. See also Nelson, 243 F.3d at 252 ("close judicial analysis of expert testimony is necessary 'because expert witnesses are not necessarily always unbiased scientists'") (quoting Turpin v. Merrell Dow Pharms., Inc., 959 F.2d 1349, 1352 (6th Cir. 1992)). It is well established that trial judges are the gatekeepers to the admission of expert testimony. Daubert, 509 U.S. at 589.

The Supreme Court elaborated on Daubert in Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), where it held that Daubert's general gatekeeping obligation "applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." Id. at 141.

In this Circuit, a Daubert analysis operates in three steps. See Brown v. City of Shelbyville, 2020 U.S. Dist. LEXIS 262744, at *13 (E.D. Tenn. 2020) (citing In re Scrap Metal Antitrust Litig., 527 F.3d 517, 529 (6th Cir. 2008)). First, the witness must be qualified according to his or her "knowledge, skill, experience, training, or education." In re Scrap Metal Antitrust Litigation, 527 F.3d at 529. Although Corley claims years of experience as a police officer, his report relies mostly upon his shorter time as an attorney. For whatever reason, Corley has abandoned his police officer experience and thus relies solely upon his attorney analysis to support his conclusions.

~ 4 ~

Next, the expert's opinion must be relevant, in that it will help "the trier of fact to understand the evidence or to determine a fact in issue." Id. This prong – also known as the "fit" requirement – "has been interpreted to mean that scientific testimony must 'fit' the facts of the case, that is, there must be a connection between the scientific research or test result being offered and the disputed factual issues in the case in which the expert will testify." Pride v. BIC Corp., 218 F.3d 566, 578 (6th Cir. 2000) (citing Daubert, 509 U.S. at 592). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." Daubert, 509 U.S. at 591. In the case at bar, Corley makes nearly zero analysis of the facts of this matter and relied almost only on legal opinions from case law.

Legal opinions are not the proper subject of expert testimony. This Court's gatekeeping duty includes maintaining "vigilant" safeguards against expert opinions that "embrace the actual legal conclusion that the jury is asked to decide in the case." Maryland Cas. Co. v. Wausau Chem. Corp., 809 F. Supp. 680, 691–92 (W.D. Wis. 1992) (precluding expert testimony that the level of force used by officer was excessive, unnecessary, and served no objectively reasonable purpose); *see, also* DeMerrell v. City of Cheboygan, 206 F. App'x 418, 426 (6th Cir. 2006) (opinion as to probable cause was a legal conclusion going beyond stating opinions that suggest the answer to the ultimate issue); Moser, 2020 U.S. LEXIS at *42 (opinion as to probable cause inadmissible as legal conclusion).

Opinions are "inadmissible as legal conclusions when they weigh the evidence, find the facts, apply the law as the expert sees it, and resolve the case. These opinions do not assist the jury; rather, they supplant the jury." Brown v. City of Shelbyville, 2020

~ 5 ~

U.S. Dist. LEXIS 262744, at *25 (E.D. Tenn. 2020). Expert opinions regarding conclusions of law are consistently excluded because **"the trial judge does not need the judgment of witnesses to determine what the law is."** United States v. Gordon, 493 F. App'x 617, 626 (6th Cir. 2012) (emphasis added). Again, the lion share of Corley's report was a summary of case law without any analysis of the facts of the case. Corley was not hired as an attorney to represent the City, though his report reads like a legal brief. The Court is the sole source of any instruction to the jury regarding the law. Corley's duty was to assist the trier of fact to understand the facts…..period.

Thirdly, the testimony must be reliable. In re Scrap Metal Antitrust Litigation, 527 F.3d at 529. Expert witnesses must "employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co., 526 U.S. at 152. Importantly, "the expert's conclusions regarding causation must have a basis in established fact and cannot be premised on mere suppositions." McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 801 (6th Cir. 2000). An expert opinion "must set forth facts and, in doing so, outline a line of reasoning arising from a logical foundation." Brown v. City of Shelbyville, 2020 U.S. Dist. LEXIS 262744, *28 (E.D. Tenn. 2020) (quoting, R.C. Olmstead, Inc., v. CU Interface, LLC, 606 F.3d 262, 271 (6th Cir. 2010)); see also, Thomas v. City of Chattanooga, 398 F.3d 426, 432 (6th Cir. 2005).

Regarding Corley's opinions based upon mere recitation of law, his opinions cannot withstand scrutiny under these steps. First, factual conclusions are the sole and exclusive province of the jury. Experts often do not opine on the ultimate issue in a case but only give their opinions on the *evidence* to help the jury reach a conclusion. Corley merely says that since the City has written policies and that the individual defendants had

some training, that there is no "Monell" liability. However, Corley failed to make any in-depth analysis of the facts to determine if the individual defendants actually followed their training and the City policies.

### Corley's Lack of Any Identifiable Methodology

Although Plaintiffs believe they have fully addressed the reliability of Corley's opinions, Plaintiffs believe a further analysis is necessary. Expert opinions based entirely on incorrect facts *or assumptions* are "speculative and unreliable." Fed. Express Corp. v. Accu-Sort Sys., Inc., No. CV 01-2503 MA/P, 2006 WL 8434958, at *7 (W.D. Tenn. Jan. 13, 2006); Universal Surveillance Corp. v. Checkpoint Sys., Inc., No. 5:11-CV-1755, 2015 WL 6082122, at *22 (N.D. Ohio Sept. 30, 2015) ("an opinion based totally on incorrect facts will not speak to the case at hand and hence will be irrelevant"). An expert's "refusal to acknowledge the uncontroverted facts" and "insistence on stating legal conclusions that simply contradict and avoid reference to those facts" renders the expert's opinion inadmissible. See DeMerrell, 206 F. App'x at 427 (6th Cir. 2006).

In the present case, Corley failed to thoroughly analyze the facts in this matter and merely relied upon legal opinions[3]. The only conclusion the Plaintiffs can draw is not that Corley refused to acknowledge facts, he completely ignored the facts. Thus, his opinion is unreliable and must be excluded.

---

[3] Corley admits he has not reviewed other instances that the Plaintiffs (in their Complaint) asserted to support pattern and practice. (DE 48-1, PageID #: 231).

## CONCLUSION

Corley's report, which Plaintiffs claims is a weak legal brief offered as a fact-based analysis of the facts, is an "opinion" that is conclusory, unreliable, and inadmissible. Plaintiffs urge this Court to grant the relief sought in their motion (DE 48).

Respectfully submitted,

By: /s/ Robin Ruben Flores
    **ROBIN RUBEN FLORES**
    **TENN. BPR #20751**
    **GA. STATE BAR #200745**
    Counsel for Plaintiffs
    4110-A Brainerd Road
    Chattanooga, Tennessee 37411
    423. 267.1575 / fax 267.2703
    robin@robinfloreslaw.com

CERTIFICATE OF SERVICE

I certify that I have delivered a copy of this memorandum to all persons noted on the electronic filing receipt and so delivered on the date and time shown on the same receipt.

By: s/ Robin Ruben Flores